**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcela Murariu Zaharia | No. CV-11-1096-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Aurora Loan Services, LLC, Quality Loan Service Corporation, | |
| Defendants. | |

Plaintiff executed a promissory note in the amount of $268,600 secured by a deed of trust in connection with the purchase of property located at 8978 W. St. John Road, Peoria, Arizona. After plaintiff allegedly defaulted on the loan, a trustee sale was held on January 5, 2011, and the property was sold at a public auction to defendant Aurora Loan Services, LLC ("Aurora"). Plaintiff then filed this action for quiet title and slander of title, seeking declaratory and injunctive relief. We now have before us Aurora's motion to dismiss (doc. 7). Plaintiff did not respond to the motion and the time for doing so has expired. See LRCiv 7.2(c). Failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). We grant Aurora's motion to dismiss on this basis.

In addition, and with only the benefit of Aurora's brief, we consider the motion to dismiss and grant it on its merits. Aurora argues that plaintiff's claims for slander of title,

quiet title, and request for declaratory and injunctive relief are precluded by the fact that plaintiff is not the holder of legal or equitable title in the property. We agree.

Only the holder of legal or equitable title in the real property can bring an action to quiet title. Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n, 22 Ariz. 305, 307, 197 P. 227, 228 (1921). The factual allegations in the complaint show that plaintiff entered into a promissory note secured by a deed of trust in favor of First National Bank of Arizona. Under Arizona law, a trust deed conveys legal title to real property to a trustee to secure the performance of the contract. Therefore, quiet title is not a remedy available to the plaintiff as trustor until the debt is paid or tendered. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Moreover, "[b]ecause the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure." Salazar v. Lehman Bros. Bank, No. CV-10-0099, 2010 WL 3998047, *6 (D. Ariz. Oct. 12, 2010).

Similarly, plaintiff's claim for slander of title requires that she possess some legal or equitable right to title. A.R.S. § 33-420(A). Following the trustee sale on January 5, 2011, plaintiff no longer has legal or equitable title in the property sufficient to support a slander of title claim. Therefore, this claim also fails.

**IT IS ORDERED GRANTING** Aurora's motion to dismiss (doc. 7).

Plaintiff asserts identical claims against the only other named defendant, Quality Loan Service. The original complaint, naming Quality Loan Service, was filed in state court on February 9, 2011. Under Rule 4(m), Fed. R. Civ. P., a plaintiff must effect proper service against each defendant within 120 days of filing the complaint. Quality Loan has not yet been served and the deadline for doing so has long since expired. Therefore, we also dismiss the claims against Quality Loan Service. The clerk shall enter final judgment.

DATED this 12th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge